IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALBERT J. BIERMAN, Individually and  *
d/b/a King Mulch and King Farm, and
KING PALLET, INC., t/a King Mulch    *

    Plaintiffs,                  *

        v.                       *    Civil Action No. RDB-12-2445

UNITED FARM FAMILY INSURANCE        *
COMPANY,
                                         *
    Defendant.
                                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

Plaintiffs Albert J. Bierman and King Pallet, Inc. (together, "Plaintiffs") bring this action seeking damages against Defendant United Farm Family Insurance Company ("Defendant") and arising out of Defendant's fulfillment of an insurance claim. Plaintiffs allege that Defendant breached a contract, made false representations, and acted in bad faith due to conduct in relation to that insurance claim. Now pending is the Defendant's Motion to Dismiss (ECF No. 12) Count Two of Plaintiffs' Complaint for failure to state a claim. Defendant also moves to dismiss Count Three of Plaintiffs' Complaint on grounds that this Court lacks subject matter jurisdiction over this claim.

The Court has reviewed the submissions by both parties and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to the dismissal of Count Two of Plaintiffs' Complaint, but is DENIED with respect to the dismissal of Count Three of Plaintiffs' Complaint.

1

BACKGROUND

In ruling on a motion to dismiss, the factual allegations in a plaintiff's complaint must be accepted as true, and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Plaintiff King Pallet, Inc. ("King Pallet") is a Maryland corporation whose principal place of business is located in Baltimore. Pls.' Compl. ¶ 2, ECF No. 2. Plaintiff Albert J. Bierman ("Bierman") operates King Pallet, and also does business under the name "King Mulch." *Id.* ¶ 1. Plaintiffs own a building located at 1112 Hengemihle Avenue ("the Essex property") in Essex, Maryland, in which they stored wooden pallets.[1] *Id.* ¶ 3. Defendant United Farm Family Insurance Company ("Farm Family" or "Defendant") is an insurance company, from which Plaintiffs bought three insurance policies for the Essex property:

1. Policy 1904I0001, an "Inland Marine" policy, which identifies the insured as Albert J. Bierman, and has a policy limit of $400,000 covering wooden pallets located on the Essex property;

2. Policy 1903X0034, a "Contractors Advantage" policy, which identifies the insured as Albert J. Bierman, and provides coverage for the building on the Essex property ($525,000), business personal property ($5000), and business income loss (actual loss value);

3. Policy 1901X0031, a "Commercial Property" policy, which identifies the insured as King Pallet, Inc., and covers the building on the Essex property with a policy limit of $575,000.

Pls.' Resp., Exs. 1-3, ECF No. 13. On July 17, 2009, a fire "damaged and destroyed" the Essex property, and Plaintiffs have "sustained a loss due to damage to the building, . . . business property including wooden pallets, . . [and] business interruption." Pls.' Compl. ¶¶ 10, 15. Plaintiffs filed an insurance claim with Farm Family to recover the value of the incurred damages. *Id.* ¶ 11. Farm Family assessed the damage to the Essex property and paid an

---

[1] A pallet is a flat structure that serves as a base for the transportation of objects by forklifts or other mechanisms.

undisclosed amount of money to Plaintiffs. *Id.* ¶ 12. While Farm Family has made payments of "substantial amounts due," they have not paid the "entire claim due." *Id.* ¶ 12, 14.

On July 16, 2012, Plaintiffs submitted a Complaint in the Maryland Circuit Court for Baltimore City. *See id.* The Complaint alleges three counts—namely, that Farm Family breached its contracts with Plaintiffs because it did not pay the appropriate amount of damages under the insurance policies ("Count One"); negligently made false representations to Plaintiffs regarding their insurance claim ("Count Two"); and acted in bad faith in its assessment of Plaintiffs' insurance claim ("Count Three"). *Id.* ¶¶ 21, 27, 36. Plaintiffs seek $461,000 under Count One, $461,000 under Count Two, additional damages under Count Three, and interest as to all three Counts. *Id.* ¶¶ 24, 34, 43. On August 16, 2012, Defendant removed this case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, ECF No. 1.

On October 17, 2012, Farm Family filed its Motion to Dismiss ("Motion") Counts Two and Three of the Plaintiffs' Complaint. As to Count Two, the negligent misrepresentation claim, Farm Family argues that Plaintiffs have failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. to Dismiss 4. In addition, Farm Family argues that this Court does not have subject matter jurisdiction over Count Three, the bad faith claim, because Plaintiffs have failed to exhaust an administrative remedy required by section 27-1001 of the Maryland Insurance Code. *See id.* 2-3.

On November 5, 2012, Plaintiffs filed a Response, in which they assert that Farm Family's Motion should be dismissed by this Court for two reasons. First, Plaintiffs argue that the Motion is not timely, because Farm Family filed it after submitting an answer to Plaintiffs' Complaint. *See* Pls.' Resp. 5-6. Second, Plaintiffs assert that Farm Family's administrative

remedy claim constitutes an affirmative defense that should have been raised in its Answer. *See id.* at 6.

After review, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. This Court determines that Plaintiffs have failed to state a claim in Count Two of their Complaint, so their claim for negligent misrepresentations is DISMISSED WITHOUT PREJUDICE. However, this Court finds that it has jurisdiction over Count Three, because Plaintiffs need not exhaust their administrative remedy with the Maryland Insurance Administration before bringing a bad faith claim. Accordingly, Plaintiffs' claim for bad faith may proceed.

STANDARD OF REVIEW

**I.      Motion to Dismiss Pursuant to Rule 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a suit because it lacks subject matter jurisdiction over the case. *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). A motion to dismiss under Rule 12(b)(1) may be framed in either of two ways. First, a defendant may assert that the facts alleged in the complaint are insufficient to determine whether the court has subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When considering a motion made pursuant to Rule 12(b)(1) under this reason, the court must assume that the facts alleged in the complaint are true, and the motion must be denied if the facts in the complaint justify the invocation of the court's subject matter jurisdiction. *Id.*

Alternatively, a defendant may attack the veracity of the jurisdictional allegations in the complaint. *Id.* In this situation, the court "may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Id.* at 193. When attacking a

complaint for this reason, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* at 192. When the jurisdictional allegations are inextricably intertwined with the facts central to the merits of the claim, however, the usual presumption of truthfulness should attach to the factual allegations of the complaint, and the court "should then afford the plaintiff the procedural safeguards—such as discovery— that would apply were the plaintiff facing a direct attack on the merits." *Id.* at 193.

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded

such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 664.

## ANALYSIS

This Court first addresses Plaintiffs' claim that Farm Family's Motion to Dismiss has been waived. Finding that the Motion is timely, this Court turns to the merits of Defendant's arguments, and determines that Count Two fails to state a claim while Count Three is properly before this Court.

### I. Plaintiffs' Argument that Farm Family's Motion to Dismiss Has Been Waived

Plaintiffs argue that Farm Family's Motion to Dismiss has been waived for two reasons. First, Plaintiffs claim that a motion to dismiss is not proper at this stage, because Farm Family has already submitted its Answer to the Complaint. *See* Pls.' Resp. 6. Second, they assert that

Farm Family cannot argue that Plaintiffs failed to exhaust their administrative remedy for Count Three, because it is an affirmative defense that must be addressed in the Answer. *See Young v. Nat'l Ctr. for Health Servs. Research*, 828 F.2d 235, 238 (4th Cir. 1987). Neither claim has merit.

      A.      *The Defendant's Motion to Dismiss Has Been Properly Submitted*

Plaintiffs claim that Farm Family has waived its opportunity to submit a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs argue that Farm Family cannot submit their Motion to Dismiss at this stage, because it already filed an answer to Plaintiffs' Complaint. *See* Pls.' Resp. 6. Rule 12(b) requires that a motion asserting the defense of failure to state a claim or lack of subject matter jurisdiction "be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Exceptions to this rule, however, fall under Rule 12(h)(2). In particular, Rule 12(h)(2)(B) allows a defendant to bring a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction "by a motion under Rule 12(c)." Rule 12(c) states that a motion on the judgment of the pleadings may be brought after the pleadings have been entered, but early enough so as to not delay trial. *See* Fed. R. Civ. P. 12(c); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (stating that a defendant's untimely motion to dismiss pursuant to Rule 12(b)(6) may be viewed as a Rule 12(c) motion).

This Court finds that it may construe Farm Family's Motion to Dismiss as a motion made pursuant to Rule 12(c). *See Edwards*, 178 F.3d at 243. Plaintiffs do not proffer that Defendant's Motion has been made so late as to delay the start of a trial. *See, e.g., Reynolds Assocs. v. Kemp*, 974 F.2d 1331 (4th Cir. 1992) (unpublished table opinion) (finding that a district court's consideration of a Rule 12(c) motion two weeks before trial was within "the sound discretion of

7

the judge"). Furthermore, Plaintiffs do not describe any other prejudice that would occur if this Court considered Farm Family's Motion to Dismiss. Accordingly, this Court rejects Plaintiffs' waiver argument and construes Farm Family's Motion to Dismiss as a Motion for Judgment on the Pleadings under Rule 12(c).

      B.    *Farm Family Has Not Waived Any Affirmative Defense*

Plaintiffs also argue that Farm Family's administrative remedy claim is an affirmative defense that should have been raised in the party's Answer to the Complaint. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("Failure to exhaust administrative remedies is an affirmative defense."). Rule 8(c) of the Federal Rules of Civil Procedure requires that affirmative defenses be raised "in response to a pleading," which, in this case, would be Farm Family's Answer. Plaintiffs claim that the failure to raise an affirmative defense in the appropriate pleading results in the loss of that defense. *See* Pls.' Resp. 6 (citing *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999), and *Peterson v. Air Line Pilots Ass'n Int'l*, 759 F.2d 1161, 1164 (4th Cir. 1985)).

Contrary to Plaintiffs' argument, the law in the Fourth Circuit allows a defendant to raise an affirmative defense after filing a response to the complaint. Indeed, the United States Court of Appeals for the Fourth Circuit has held that "there is ample authority in this Circuit for the proposition that absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion." *Brinkley*, 180 F.3d at 612; *see also Peterson*, 759 F.2d at 1164. Thus, a defendant may properly raise an affirmative defense in a motion to dismiss made before trial, as long as no prejudice will occur. In their Response, Plaintiffs fail to show how Farm Family's Motion has caused any unfairness or prejudice to their case. Moreover, Plaintiffs have been able to adequately address the merits of

Farm Family's Motion, and the timing of Farm Family's administrative remedy claim has not hindered Plaintiffs' case. *See* Pls.' Resp. 7-9. Accordingly, Plaintiffs' claim that Farm Family may not raise an affirmative defense in its Motion to Dismiss is without merit, and this Court will thus consider Farm Family's argument that Plaintiffs failed to exhaust their administrative remedy.

## II. Farm Family's Motion for Dismissal of Plaintiffs' Negligent Misrepresentation Claim (Count Two)

In its Motion to Dismiss, Farm Family claims that this Court should dismiss Count Two of Plaintiffs' Complaint, which states that Farm Family negligently misrepresented certain aspects of Plaintiffs' claim and Farm Family's measurement of the loss. Farm Family argues that Plaintiffs have failed to state a claim, because Plaintiffs do not allege facts that satisfy the elements of negligent misrepresentation. Under Maryland law, a plaintiff must fulfill five elements in order to succeed on a claim for negligent misrepresentation. *See Weisman v. Connors*, 540 A.2d 783 (Md. 1988). First, a plaintiff must show that the defendant owed a duty of care to the plaintiff and negligently asserted a false statement. *Id.* at 791. Second, the defendant must have intended that the false statement would be acted upon by the plaintiff. *Id.* Third, the defendant must have had knowledge that the plaintiff would probably rely upon the false statement and that it would cause loss or injury. *Id.* Fourth, the plaintiff must have taken action in reliance upon the false statement. *Id.* Finally, the plaintiff must have suffered damage proximately caused by the defendant's negligence. *Id.* In their Complaint, Plaintiffs assert that Farm Family made negligent misrepresentations when it violated its duty to appropriately value

an insurance claim. *See* Pls.' Compl. ¶ 26. In particular, Plaintiffs state that Farm Family misrepresented the application of a coinsurance penalty.[2] *Id.* at ¶ 27.

This Court finds that Plaintiffs have failed to specify sufficient facts to state a plausible claim for relief for negligent misrepresentation under *Weisman*. Under the first element of *Weisman*, Plaintiffs must show that Farm Family negligently asserted a false statement. *See* 540 A.2d at 791. Plaintiffs, however, merely state that "Defendant negligently misrepresented various aspects of the claim and the loss measurement" without identifying the actual false statements that Farm Family made. *See* Pls.' Compl. ¶ 27. Plaintiffs also fail to sufficiently allege the second and third Weisman elements—that Farm Family intended that Plaintiffs act upon its statements and knew that Plaintiffs' reliance upon the allegedly negligent statements would cause loss or injury. *See Weisman*, 540 A.2d at 791. Instead, Plaintiffs make the bare assertion that Farm Family "knew, or reasonably should have known, that [Plaintiffs] would probably rely on its statements, which, if erroneous, will cause loss or injury." Pls.' Compl. ¶ 28. Furthermore, Plaintiffs do not adequately allege that they took action in reliance on Farm Family's negligent statements, but Plaintiffs merely avow that they acted to their detriment in relying on those representations. Pls.' Compl. ¶ 30. Absent any particular facts to support their claim, Plaintiffs have wholly failed to state a claim upon which relief can be granted.

In response, Plaintiffs assert that Rule 8(a)(2) of the Federal Rules of Civil Procedure mandates only that they "comply with bare notice pleading requirements." Pls.' Resp. 15. Plaintiffs, however, misinterpret the pleading requirements of Rule 8. The Supreme Court in *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662, found that Rule 8 "require[s] that complaints in civil actions be alleged with greater specificity than previously was required." *Walters*, 684 F.3d

---

[2] Plaintiffs do not elaborate on this claim in Count Two of their Complaint, and merely list it among allegations of Farm Family's failure to properly evaluate the insurance claim. *See* Pls.' Compl. ¶ 27.

at 439. Plaintiffs' Count Two improperly relies on a "[t]hreadbare recital[] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. To withstand a motion to dismiss, Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. As discussed above, Plaintiffs fail to allege the necessary facts that support the elements of a claim for negligent misrepresentation.

Plaintiffs also rely on *Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045 (Md. Ct. Spec. App. 2002), in support of their argument that they have stated a valid claim. *See* Pls.' Resp. 12-15. In *Cooper*, the defendant insurance company told the plaintiff that he would have to make premium payments for a period of ten years on a "vanishing premium" life insurance policy. 810 A.2d at 1049. After purchasing the insurance policy, the plaintiff discovered that the policy required premium payments for seventeen years. *See id.* The Maryland Court of Special Appeals held that the insurance company's statements regarding the length of the premium payments constituted negligent misrepresentation, because they induced the plaintiff into buying the policy. *Id.* at 1073. Plaintiffs' reliance on *Cooper* is unavailing. In *Cooper*, the plaintiff specifically detailed the insurance company's statements that misled him into buying the insurance policy and alleged that he relied on those misrepresentations in deciding to purchase the policy. *Id.* at 1049. In contrast, Plaintiffs in this case neglect to offer any facts illustrating Farm Family's allegedly incorrect statements. Nor do Plaintiffs allege that they relied upon those statements when they bought the insurance policies on the Essex property.

In sum, Plaintiffs' claim for negligent misrepresentation fails to state a claim upon which relief can be granted. Rather than asserting the elements of negligent misrepresentation, Count Two essentially repeats Plaintiffs' claim for breach of contract found in Count One. In Count Two of their Complaint, Plaintiffs state that they acted upon "the false belief that the insurer was

valuing its claim in accordance with the policy." Pls.' Compl. ¶ 29. Though they couch these allegations as a negligent misrepresentation claim, Plaintiffs are merely disputing Farm Family's assessment of their insurance policies and the amount owed to them—indeed, the alleged damages under Count Two are the same as those under Count One. *See id.* ¶¶ 24, 34. In their attempt to refashion their breach of contract claim as a negligent misrepresentation claim, Plaintiffs fail to make out the requisite elements for the cause of action. *See Weisman*, 540 A.2d at 791. Accordingly, this Court dismisses Count Two of Plaintiffs' Complaint.

### III. Farm Family's Motion to Dismiss Plaintiffs' Bad Faith Claim (Count Three)

Count Three of the Complaint alleges that Farm Family violated section 3-1701 of the Maryland Courts and Judicial Proceedings Code by acting in bad faith. Farm Family argues that Plaintiffs cannot raise this claim, because Maryland law requires that Plaintiffs first pursue an administrative remedy with the Maryland Insurance Administration before filing for bad faith. *See* Mot. to Dismiss 2.

Section 27-1001(d)(1) of the Maryland Insurance Code states that a "complaint stating a cause of action under § 3-1701 of the Courts Article shall first be filed with the Maryland Insurance Administration." A plaintiff, however, may bypass section 3-1701's administrative remedy when the action is under a commercial policy whose limit of liability exceeds $1,000,000. *See* Md. Code Ann., Ins. § 27-1001(c)(2)(iii). Plaintiffs claim that they have met this exception for two reasons. First, Plaintiffs argue that the aggregate liability limit of their three insurance policies with Farm Family exceeds $1,000,000. *See* Pls.' Resp. 8. Second, they state that their "Contractors Advantage" insurance policy has no limit, thus that one policy alone

meets the $1,000,000 requirement under section 27-1001(c)(2)(iii).[3] *See id.* at 8-9. Farm Family counters that the policy limits cannot be aggregated and that a policy must have an explicitly stated monetary limit in excess of $1,000,000 to qualify for the section 27-1001(c)(2)(iii) exception.

This Court has previously noted that section 3-1701 of the Maryland Insurance Code has been addressed in only one reported case at the appellate level in Maryland. *Millennium Inorganic Chems. Ltd. v. Nat'l Union Fire Ins. Co.*, 893 F. Supp. 2d 715, 741 n.23 (D. Md. 2012) (citing *Thompson v. State Farm Mut. Auto Ins. Co.*, 9 A.3d 112 (Md. Ct. Spec. App. 2010)). That case, decided by the Court of Special Appeals of Maryland in 2010, concerned a matter of venue unrelated to this case. *See Thompson*, 9 A.3d 112. As evident by the parties' briefing and this Court's research, no Maryland or federal court has addressed the issues regarding the application of section 27-1001(c)(2)(iii) that are before this Court. *See* Def.'s Mot. to Dismiss 3 n.1; Pls.' Resp. 8; Def.'s Reply 3-4, ECF No. 15. In general, however, where an insurance policy is ambiguous, courts interpret that policy in a light more favorable to the insured. *See Clendenin Bros., Inc. v. U.S. Fire Ins. Co.*, 889 A.2d 387, 394 (Md. 2006) (stating that an insurance policy "will ordinarily be resolved against the party who drafted the contract, where no material evidentiary factual dispute exists").

In this case, the parties do not point out, and this Court cannot find, any specific provision of the insurance policies that states whether the liability limits on the Essex property can be aggregated. Because an ambiguity exists, this Court interprets the policies in favor of Plaintiffs and against the drafter. Thus the liability limits of the insurance policies on the Essex property may be aggregated. *See Marvin J. Perry, Inc. v. Hartford Cas. Ins. Co.*, 412 F. App'x

---

[3] Because this Court finds that Plaintiffs may aggregate their insurance policy limits to qualify for section 27-1001(c)'s exception, it need not decide whether an unlimited liability policy would also satisfy the exception.

13

607, 609 n.3 (4th Cir. 2011) (noting that under Maryland law an ambiguity is resolved against the party who drafted the contract after consideration of extrinsic evidence).

The three Farm Family policies that Plaintiffs maintained on the Essex property are the "Inland Marine" policy, which covers the wooden pallets with a limit of $465,000, the "Contractors Advantage" policy, which covers the building on the Essex property with a limit of $525,000, and the "Commercial Property" policy, which also covers the building on the Essex property with a limit of $575,000. *See* Pls.' Compl. ¶ 5. Because the aggregate limit of these three policies exceeds $1,000,000, Plaintiffs satisfy the exception under section 27-1001(c)(2)(iii) and they are not required to exhaust their administrative remedy with the Maryland Insurance Administration before they may file their bad faith claim before this Court. Accordingly, this Court has subject matter jurisdiction over Count Three.

## CONCLUSION

For the reasons stated above, Defendant Farm Family's Motion to Dismiss (ECF No. 12) is GRANTED IN PART and DENIED IN PART. Specifically, the Motion is GRANTED as to Count Two of Plaintiffs' Complaint, because Plaintiffs fail to allege sufficient facts to make out a claim for negligent misrepresentation. The Motion is DENIED as to Count Three, because this Court has subject matter jurisdiction over Plaintiffs' bad faith claim. Therefore, Count Two of Plaintiffs' Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated: May 6, 2013

_____/S/_____
Richard D. Bennett
United States District Judge